UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie Graham, | ) C/A No. 8:15-3514-DCN-BM |
|              Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Charles Webber, *Anderson County Probation, Parole, & Pardon Services*, | ) |
|              Defendant. | ) |

The Plaintiff, Eddie Graham, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the MacDougall Correctional Institution, part of the South Carolina Department of Corrections.

Plaintiff alleges that Defendant Charles Webber, an employee of the South Carolina Probation, Parole, and Pardon Services (working in the Anderson County office), arrested Plaintiff for a "fake charge"[1] that Plaintiff's then-girlfriend had "issued on" Plaintiff. Defendant actually arrested Plaintiff on a violation of his probation, apparently due to these other charges (Criminal Domestic Violence of a High and Aggravated Nature and Pointing and Presenting a Firearm) having been filed against Plaintiff. See Anderson County Circuit Court Public Index, http://publicindex.sccourts.org/Anderson/PublicIndex/CaseDetails.aspx?County=04&CourtAgency=04001&Casenum=2014A0420700936&CaseType=C [Criminal Domestic Violence of High and Aggravated Nature]; http://publicindex.sccourts.org/Anderson/PublicIndex/CaseDetails.aspx?County=04&CourtAgency=04001&Casenum=2014A0420700937&CaseType=C [Pointing and Presenting a Firearm at a



---

[1]Plaintiff asserts that these charges were later dropped.

Person];[2] see also Plaintiff's Exhibit (ECF No. 1-1, pp. 4-5). Defendant allegedly told Plaintiff that Plaintiff would not be locked up for these "bogus charges" because Plaintiff had not done anything wrong, but later did have the Plaintiff arrested and served with a "notice of probation violation hearing" paper which Plaintiff complains contained no indictment or warrant number. See Plaintiff's Exhibit (ECF No. 1-1, p. 1). Plaintiff alleges that when they arrived at the Anderson Detention Center, Defendant gave Plaintiff two administrative hearing forms (one was Plaintiff's copy and the other was Defendant's copy). When asked for the form at the first hearing held on approximately December 8, 2014, Defendant could not produce it (because Plaintiff had both copies). At the second hearing on approximately December 15, 2014, Plaintiff alleges the Defendant produced a new set of administrative hearing papers and falsely told the hearing officer that Plaintiff gave Defendant a hard time and refused to sign the papers. Plaintiff alleges he informed the hearing officer that he had the original notices, Defendant forgot to get them back from Plaintiff, and Plaintiff had not refused to sign them. Complaint, ECF No. 1 at 3-4.

Plaintiff alleges that the Defendant "took [Plaintiff] to court" on February 6, 2015, and "tried to have [Plaintiff's] bond revoked for calling [Plaintiff's] (then) girlfriend & cursing her out for lieing [sic] on [Plaintiff] and having [Plaintiff] locked-up for these bogus charges." ECF No. 1 at 4. Plaintiff alleges he asked the judge asked how his probation could be violated if he had not been found guilty or convicted of anything, and asserted that his probation could be revoked only after he had been found guilty of something. Plaintiff alleges that Defendant "then tried to get 'slick'

---

[2]This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

2

and told the judge he had a 'probable cause warrant' that he needed to serve on [Plaintiff], and the judge gave [Plaintiff[]] a $10,000.00 bond on that warrant." Id. However, Plaintiff alleges that the booking officer at the detention center told Plaintiff that he had already been "bonded" on the same warrant for $25,000, and that Plaintiff could not be served the same warrant twice.

Plaintiff requests compensation for violations of his civil rights. He claims that Defendant verbally abused him by intimidating him and threatening to lock him up and revoke his bond. Plaintiff also requests compensation for a violation of his double jeopardy rights. ECF No. 1 at 6.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction



does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

First, Plaintiff's request for monetary compensation based on the Defendant serving him with a bond violation warrant is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. Significantly, for purposes of this opinion Heck is also applicable to probation revocation proceedings or the fact or duration of Plaintiff's probationary term. See Thigpen v. McDonnell, 273 F. App'x 271, 272-73 (4th Cir. 2008) [applying Heck in the probation revocation area]; Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir.1996)[Heck "applies to proceedings that call into question the fact or duration of parole or probation."]; Brown v. Lemacks, C/A No. 8:09–2160–CMC–BHH, 2010 WL 2179492, at *3 (D.S.C. Apr. 28, 2010) ["The Supreme Court's ruling in Heck also applies to probation and parole violation proceedings."], adopted by 2010 WL 2179490 (D.S.C. May 27, 2010).

Plaintiff has provided no factual allegations to establish (nor do the exhibits attached to his Complaint show) that his probation has been terminated under circumstances indicating an invalidation of his probation or that any revocation proceedings were terminated in his favor under circumstances indicating a disposition in his favor. Plaintiff is currently incarcerated in the South Carolina Department of Corrections, with his court records indicating he pled guilty to General



4

Sessions Indictment No. 2015-GS-0401068 on July 14, 2015.[3] Nothing in Plaintiff's allegations, exhibits, or the public records of his criminal charges and cases, shows a favorable disposition of his probation case or of any probation revocation proceedings such as to subject the Defendant to monetary damages. Therefore, Plaintiff's claim for monetary damages is barred by Heck.[4]

Additionally, Plaintiff fails to state a claim for a violation of his double jeopardy rights. Under the Fifth Amendment to the United States Constitution, a person may not be twice put in jeopardy of life or limb for the same offense. In general terms, this language has been interpreted to bar prosecution in the following three situations:

1. Where a person would be tried for the same offense after an acquittal;
2. Where a person would be tried for the same offense after a conviction; or

---

[3] Records from Anderson County indicate that on July 14, 2015, Plaintiff pled guilty to a charge of Intimidation of a Court Official, Juror, Or Witness (the arrest date was also on July 14, 2015). See Anderson County Circuit Court Public Index, http://publicindex.sccourts.org/Anderson/PublicIndex/CaseDetails.aspx?County=04&CourtAgency=04001&Casenum=2015GS0401068&CaseType=C. Apparently as a result of this guilty plea, a number of other charges that were pending against him were nol prossed. Plaintiff's charges for Criminal Domestic Violence of a High and Aggravated Nature and Pointing and Presenting a Firearm have a disposition of "Nolle Prosequi" on the same date (July 14, 2015). As such, even if the charges Plaintiff was contesting in this case were these charges, and not the probation violation warrant obtained by the Defendant, this Court and others have held that a simple, unexplained nolle prosequi or "dismissal" or "disposal" of pending state charges that results in the dismissal of the charges for reasons other than the criminal defendant's innocence does not satisfy the Heck "favorable termination" requirement. See Wilkins v. DeReyes, 528 F.3d 790, 802-03 (10th Cir. 2008); Washington v. Summerville, 127 F.3d 552, 558-559 (7th Cir. 1997); Jackson v. Gable, C/A No. 0:05-2591-HFF-BM, 2006 WL 1487047, at *6 (D.S.C May 25, 2006);see also Nicholas v. Wal-Mart Stores, Inc., 33 F. App'x 61, 64-65 (D.S.C. 2002)[state-law-based malicious prosecution; favorable termination requirement].

[4] Further, to the extent that Plaintiff is requesting that he be released from incarceration, such relief may only be obtained in a habeas action, not a complaint pursuant to 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition]. In Heck, the Supreme Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Heck, 512 U.S. at 481(1994).



5

> 3. Where a person would receive more than one punishment for the same offense.

See Benton v. Maryland, 395 U.S. 784 (1969); North Carolina v. Pearce, 395 U.S. 711, 716 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989)[holding Double Jeopardy Clause imposes no limits on retrying defendant who has succeeded in getting first conviction set aside]. Plaintiff's allegations against the Defendant do not involve any of the three above situations. United States v. Fonteneau, 277 F. App'x 293, 295 (4th Cir. 2008)["[B]ecause a sentence imposed after the revocation [of probation] is not considered a new punishment," but rather, a part of the original sentence, "the Double Jeopardy Clause is not implicated."](citing cases); United States v. Hanahan, 798 F.2d 187, 189 (7th Cir. 1986)[ "[R]evocation of parole and a criminal prosecution can lawfully be based on the same transaction without violating the double jeopardy clause."]; United States v. Woodrup, 86 F.3d 359, 362 (4th Cir. 1996)[ "[A] sentence imposed upon the revocation of probation or parole is not punishment for the conduct prompting the revocation, but, rather, a modification of the original sentence for which the probation or parole was authorized .... "].

"A parole revocation proceeding is an administrative proceeding designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law." Hanahan, 798 F.2d at 189. On the other hand, "[a] criminal prosecution is a judicial proceeding that vindicates the community's interests in punishing criminal conduct." Id. at 189–90. Accordingly, "the subsequent criminal prosecution and punishment for conduct which previously served as the basis for a revocation of probation or parole does not offend the Double Jeopardy Clause of the Fifth Amendment." Woodrup, 86 F.3d at 362; see Morrissey v. Brewer, 408 U.S. 471(1972) ["[R]evocation of parole



6

is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."]. Moreover, "the attachment of double jeopardy rights depends on whether the individual is 'put in jeopardy' at a particular proceeding, not on whether the government has or has not met a particular standard of proof." United States v. Miller, 797 F.2d 336, 342 (6th Cir. 1986).

Additionally, any actions the Defendant took with respect to the revocation of Plaintiff's probation, to include any violation reports he may have authorized, any recommendation for revocation of probation or parole, as well as his participation in Plaintiff's court hearings, do not give rise to a constitutional claim, as Defendant enjoys immunity from suit for these actions. See Holmes v. Crosby, 418 F.3d 1256, 1259 (11th Cir. 2005)[parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties]; Boyce v. County of Manicopa, 144 F. App'x 653, 654 (9th Cir. Aug. 15, 2005) ["The district court properly concluded that the probation officer defendants were entitled to absolute quasi-judicial immunity against damages claims."]; Galvin v. Garmon, 710 F.2d 214, 215 (5th Cir. 1983) [state probation officers entitled to qualified immunity]; Ray v. Pickett, 734 F.2d 370 (8th Cir. 1984) [probation officers entitled to qualified immunity for their roles in petitioning for probation revocation]; Douglas v. Muncy, 570 F.2d 499, 501 (4th Cir.1978)[where the plaintiff alleged that his parole officer arbitrarily enforced the conditions of his parole, the Fourth Circuit noted that "[w]ith respect to the § 1983 claims, the district court was correct in its conclusion that...[Defendant], in his capacity as a parole officer, was also immune from such liability"]; see also



Faile v. South Carolina Department of Juvenile Justice, 566 S.E.2d 536, 540–541 (S.C. 2002) [applying South Carolina law].[5]

As an employee of the South Carolina Department of Probation, Pardon, and Parole and the State of South Carolina, the Defendant is also entitled to Eleventh Amendment immunity in his official capacity as to any claims against him for monetary damages. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also

---

[5]Further, to the extent that Plaintiff asserts that Defendant was negligent, such claims for negligence are not cognizable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986). Therefore, any claims for negligence which are brought under § 1983 should be dismissed.

8

Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978). All actions alleged to have been taken by the Defendant in this case were in his capacity as a parole officer.

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. Rather, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

Finally, to the extent Plaintiff may be alleging claims under state law, federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five

9

thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff's Complaint indicates that all parties to this action are residents of South Carolina, so diversity of citizenship does not exist. See ECF No. 1 at 2. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 23, 2015
Charleston, South Carolina

10

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

